UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JEREMY DELPHIN,

        Plaintiff,

EDWARDS, et al.

        Defendants.

No.  2:23-cv-0493 DB P

ORDER AND FINDINGS AND
RECOMMENDATIONS

    Plaintiff is a state prisoner proceeding pro se with a civil rights action under 42 U.S.C.
§1983.  Before the court are plaintiff's motion to proceed in forma pauperis and plaintiff's
complaint for screening.  For the reasons set forth below, this court grants plaintiff's motion to
proceed in forma pauperis and finds:  (1) plaintiff has stated some claims that are potentially
cognizable under §1983; (2) plaintiff fails to state other claims; and (3) one claim should be
dismissed.  This court will give plaintiff the choice to proceed on the claims found potentially
cognizable herein or amend his complaint.  In addition, this court recommends dismissal of one
claim.

**IN FORMA PAUPERIS**

    Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).
Accordingly, the request to proceed in forma pauperis will be granted.

////

1

Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§ 1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account.  These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

**SCREENING**

**I. Legal Standards**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity.  See 28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Franklin, 745 F.2d at 1227.  Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

////

2

However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555.  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See Monell v. Dept. of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

## II.  Allegations in the Complaint

Plaintiff is an inmate at California State Prison, Sacramento.  He complains of conduct that occurred there in 2021 and 2022.  Plaintiff identifies five defendants:  Correctional Officers Edwards, Moore, M. Brown, N. Georogiou, and M. Compos.

As best this court can tell, plaintiff alleges the following.  On both January 9 and 10, 2021, while plaintiff was relaxing in his cell, defendant Compos entered the cell, struck plaintiff on the head, and yanked his penis and testicles.  On January 11, Compos caused another inmate to repeat the assault on plaintiff.  On January 18, defendant Edwards did the same thing.  On January 21, Compos yanked plaintiff's penis and Moore punched plaintiff.

On May 17, 2021, plaintiff told defendant Georogiou that he was concerned for his safety.

On May 18, 2021, Georogiou failed to protect plaintiff from being stabbed and shot plaintiff in the head while plaintiff was being stabbed by another prisoner.  Plaintiff also alleges Georogiou instructed the other prisoners how to attack plaintiff.

Defendant Brown failed to turn in one of plaintiff's grievances.

Georogiou left plaintiff's cell door open causing plaintiff's property to either be "lost" or "wrongfully seized."

During the 2021 attacks, all defendants stated that plaintiff was asking for too much in his lawsuit, which plaintiff assumes means his civil rights suit pending in the Fresno division of the Eastern District of California.

On November 20, 2022, Compos instructed an inmate to attack plaintiff and the inmate pulled plaintiff's penis and knocked him unconscious.  On December 15, 2022, Compos yanked plaintiff's penis and knocked him unconscious.

**III.  Does Plaintiff State Claims Cognizable under § 1983?**

**A.  Excessive Force**

To state a claim for excessive force in violation of the Eighth Amendment, a plaintiff must show that he was subjected to excessive physical force that was applied "maliciously and sadistically to cause harm" rather than "in a good-faith effort to maintain or restore discipline." Wilkins v. Gaddy, 559 U.S. 34, 37 (2010) (per curiam) (internal quotation omitted).

Plaintiff has minimally stated claims for excessive force against defendant Compos for their conduct on January 9, 10, 11, and 21, 2021, on November 20, 2022, and on December 15, 2022. Plaintiff has minimally stated claims for excessive force against defendant Edwards for their conduct on January 18, 2021; against defendant Moore for their conduct on January 21, 2021; and against defendant Georogiou for their conduct on May 18, 2021.

**B.  Retaliation**

To state a claim for retaliation in violation of his First Amendment rights, a plaintiff must allege facts showing the following five basic elements:  "(1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action

did not reasonably advance a legitimate correctional goal." <u>Rhodes v. Robinson</u>, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote omitted).

Plaintiff states only that each defendant told him he was "asking too much" in a pending civil rights suit around the time they used excessive force. That allegation is insufficiently specific. Plaintiff fails to show that each defendant used excessive force <u>because of</u> plaintiff's filing of the lawsuit. For each defendant plaintiff contends acted in retaliation, he must identify the defendant, show just what that defendant said, and allege facts demonstrating that the defendant used excessive force to punish plaintiff for filing the suit or to discourage plaintiff from filing future suits. Plaintiff's retaliation claims will be dismissed with leave to amend.

### C. Access to the Courts

To state a claim for denial of the First Amendment right of access to the courts, a prisoner must allege that he suffered an "actual injury" as a result of the defendant's alleged actions, by explaining how the challenged official acts or omissions hindered plaintiff's efforts to pursue a nonfrivolous legal claim. <u>Lewis v. Casey</u>, 518 U.S. 343, 351-55 (1996). The right of access to the courts applies to nonfrivolous direct criminal appeals, habeas corpus proceedings, and civil rights actions. <u>Id.</u> at 353 n.3, 354-55.

Plaintiff makes only a minimal allegation that defendant Brown failed to submit one of his grievances. Plaintiff does not identify the grievance or explain why it amounted to a nonfrivolous legal claim. Nor does plaintiff show that Brown intentionally failed to submit the grievance to deny plaintiff access to the courts. Plaintiff's access to the courts claim will be dismissed with leave to amend.

### C. Deprivation of Property

Plaintiff's complaints regarding the deprivation of his property are not cognizable in a §1983 action. These are state law claims and plaintiff has an adequate post-deprivation remedy under state law. <u>See</u> <u>Barnett v. Centoni</u>, 31 F.3d 813, 816-17 (9th Cir. 1994) (citing Cal. Gov't Code §§ 810–95). This court will recommend those claims be dismissed.

////

////

1

**CONCLUSION**

2  Above, this court finds plaintiff has stated potentially cognizable Eighth Amendment

3 excessive force claims against defendants Edwards, Moore, Compos, and Georogiou.  This court

4 further finds plaintiff has failed to state any other claims.  Plaintiff will be given a choice.  He

5 may proceed immediately on his excessive force claims or he may amend his complaint to

6 attempt to state other claims as well.

7  If plaintiff chooses to proceed on the excessive force claims in his complaint, he will be

8 voluntarily dismissing all other claims and defendants.

9  If plaintiff chooses to amend his complaint, he must adhere to the following standards for

10 stating claims for relief under § 1983:

11   •  Plaintiff must clearly identify each defendant and describe just what that defendant

12    did that violated his constitutional rights.

13   •  Plaintiff must identify as a defendant only persons who personally participated in a

14    substantial way in depriving plaintiff of a federal constitutional right.  Johnson v.

15    Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the

16    deprivation of a constitutional right if he does an act, participates in another's act

17    or omits to perform an act he is legally required to do that causes the alleged

18    deprivation).  "Vague and conclusory allegations of official participation in civil

19    rights violations are not sufficient."  Ivey v. Bd. of Regents, 673 F.2d 266, 268

20    (9th Cir. 1982) (citations omitted).

21   •  Plaintiff must make a short, plain statement of the facts supporting each claim.

22    See Fed. R. Civ. P. 8(a).

23   •  Plaintiff may allege multiple claims against a single defendant.  Fed. R. Civ. P.

24    18(a).  However, he may not bring a claim against one defendant in the same case

25    as an unrelated claim against another defendant.  Unrelated claims against

26    different defendants belong in different suits." George v. Smith, 507 F.3d 605, 607

27    (7th Cir. 2007) (citing 28 U.S.C. § 1915(g)).

28 ////

- In an amended complaint, plaintiff should not make legal arguments or describe the legal standards for his claims.  Rather, plaintiff should identify the Constitutional basis for his claim and then clearly state the facts he contends support that claim.

- Any amended complaint must show the federal court has jurisdiction, the action is brought in the right place, and plaintiff is entitled to relief if plaintiff's allegations are true.  It must contain a request for particular relief.  In a civil rights case under §1983, the relief available includes monetary damages and appropriate injunctive relief.  Plaintiff may not seek release from custody in a §1983 action.

- An amended complaint must be complete in itself without reference to any prior pleading.  E.D. Cal. R. 220.  Once plaintiff files an amended complaint, the original pleadings are superseded.

- Plaintiff must exhaust his administrative remedies before filing suit.  42 U.S.C. § 1997e(a).

For the foregoing reasons, and good cause appearing, IT IS HEREBY ORDERED as follows:

1.  Plaintiff's motion to proceed in forma pauperis (ECF No. 2) is granted.

2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. §1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3.  As described above, plaintiff has stated potentially cognizable Eighth Amendment claims against defendants Edwards, Moore, Compos, and Georogiou.

4.  Plaintiff's retaliation and access to courts claims are dismissed with leave to amend.

5.  Plaintiff may choose to proceed on the cognizable claims set out above or he may choose to file an amended complaint.

////

7

6. Within thirty days of the date of this order, plaintiff shall fill out and return the attached form indicating how he would like to proceed in this action.

7. Plaintiff is warned that failure to comply with this order may result in a recommendation that this action be dismissed.

8. The Clerk of the Court shall randomly assign a district judge to this case.

Further, IT IS RECOMMENDED that plaintiff's claims regarding the deprivation of his property be dismissed.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within thirty days after being served with these findings and recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in waiver of the right to appeal the district court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: April 17, 2023

/s/  DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9
DB prisoner inbox/civil rights/S/delp0493.scrn LTA or proceed

8

1
2
3
4
5
6                   UNITED STATES DISTRICT COURT
7                FOR THE EASTERN DISTRICT OF CALIFORNIA
8
9    JEREMY DELPHIN,                        No.  2:23-cv-0493 DB P
10                  Plaintiff,
11        v.                                NOTICE OF ELECTION
12   EDWARDS, et al.,
13                  Defendants.
14
Check one:
15
_____   Plaintiff wants to proceed immediately on his Eight Amendment excessive force claims
16
         against defendants Edwards, Moore, Compos, and Georogiou.  Plaintiff understands that
17
         by going forward without amending the complaint he is voluntarily dismissing all other
18
         claims and defendants.
19
_____   Plaintiff wants to amend the complaint.
20
21
DATED:_____
22
23
24
25
                                    _____
26                                   Jeremy Delphin, Plaintiff
27
28
                                    9