UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEREMY DELPHIN, | No. 2:23-cv-0493 KJM DB P |
| Plaintiff, | |
| v. | ORDER AND FINDINGS AND RECOMMENDATIONS |
| EDWARDS, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se with a civil rights action. On screening, this court found plaintiff alleged potentially cognizable claims for excessive force against some defendants and failed to allege any other claims. In addition, this court recommended plaintiff's claims based on the deprivation of property be dismissed. Plaintiff was given the option of proceeding on the excessive force claims found cognizable or amending his complaint to attempt to state additional claims. On May 1, plaintiff filed a notice that he wants to amend his complaint. Also on May 1, plaintiff filed a document in which he requests appointment of counsel, an extension of time, and preliminary injunctive relief.

**MOTION FOR APPOINTMENT OF COUNSEL**

Plaintiff seeks the appointment of counsel. He argues that he has four pending cases that are overwhelming him, partly because medication is making him tired. Plaintiff also states that he has no "law certification" and has difficulty understanding his cases.

////

1

The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel. Plaintiff's circumstances are not extraordinary. Further, plaintiff's filings so far show that he has the ability to adequately litigate his case. Plaintiff's request for counsel will be denied.

## MOTION FOR EXTENSION OF TIME

Plaintiff seeks an extension of time to "respond to court orders." It appears that plaintiff is requesting additional time to file objections to this court's recommendation that his property claim be dismissed. Plaintiff states that he has been placed in administrative segregation and did not, at the time he submitted his filing, have his legal materials. Plaintiff has shown good cause for an extension of time.

## MOTION FOR PRELIMINARY INJUNCTIVE RELIEF

Finally, plaintiff seeks an injunction. He states that he was assaulted by officers. At least one of the officers, according to plaintiff, assaulted him in retaliation for plaintiff's filing this lawsuit. It appears that plaintiff is asking the court to obtain video footage of the areas where plaintiff says he was assaulted. Plaintiff also asks the court to "restrain" "damages and infringement." Plaintiff then states that he will be returned to California State Prison, Sacramento ("CSP-Sac") when he is released from segregation in six months.

////

Preliminary injunctive relief is only appropriate when a party demonstrates, among other things, "that he is likely to suffer irreparable harm in the absence of preliminary relief." Winter v. Natural Res. Def. Council, 555 U.S. 7, 20 (2008).  The propriety of a request for injunctive relief hinges on a significant threat of irreparable injury that must be imminent in nature.  Caribbean Marine Serv. Co. v. Baldridge, 844 F.2d 668, 674 (9th Cir. 1988).  In cases brought by prisoners involving conditions of confinement, any preliminary injunction must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a)(2).

Plaintiff fails to show a threat of imminent and irreparable harm.  If and when this case proceeds to the discovery phase, plaintiff will have the opportunity to seek any video footage.  The remaining basis for plaintiff's motion is not clear.  If plaintiff is seeking some sort of order regarding his return to CSP-Sac, that return is not imminent.  Plaintiff states he will not be returned to CSP-Sac for six months.  This court will recommend plaintiff's motion for preliminary injunctive relief be denied.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for the appointment of counsel (ECF No. 10) is denied.

2. Plaintiff's motion for an extension of time (ECF No. 10) is granted.  Within thirty days from the date of this order, plaintiff may filed any objections to the April 18, 2023, findings and recommendations.

3. Also within thirty days of the date of this order, plaintiff shall file a first amended complaint.  Plaintiff is advised to carefully review this court's April 18 screening order when preparing his first amended complaint.  If plaintiff fails to file a timely first amended complaint, this court may recommend this action be dismissed.

4. The Clerk of the Court is directed to provide plaintiff with a copy of the form for a complaint by a prisoner in a civil rights action.

Further, IT IS RECOMMENDED that plaintiff's motion for preliminary injunctive relief (ECF No. 10) be denied.

////

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within thirty days after being served with these findings and recommendations, plaintiff may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may result in waiver of the right to appeal the district court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  May 9, 2023

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9
DB prisoner inbox/civil rights/S/delp0493.31+36obj