UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JEREMY DELPHIN,

Plaintiff,

EDWARDS, et al.

Defendants.

No. 2:23-cv-0493 KJM DB P

ORDER

Plaintiff is a state prisoner proceeding pro se with a civil rights action under 42 U.S.C. §1983. Plaintiff alleges defendants used excessive force, failed to submit his grievance, and lost his property. Before the court are plaintiff's motions for preliminary injunctive relief and for the appointment of counsel and plaintiff's first amended complaint for screening. For the reasons set forth below, this court will order a response from the prison regarding plaintiff's allegations in his motions for preliminary injunctive relief and will deny the motion for appointment of counsel. Further, this court finds that plaintiff has stated some claims in his first amended complaint that are potentially cognizable under §1983 and fails to state other claims. Plaintiff will be given the opportunity to proceed on the claims found potentially cognizable herein or to file a second amended complaint.

**BACKGROUND**

Plaintiff filed this action on March 15, 2023. On screening, this court found plaintiff alleged potentially cognizable claims for excessive force against defendants Compos, Edwards, Moore,

and Georogiou. (ECF No. 5.) This court further found that plaintiff failed to state claims for retaliation or for a denial of access to the courts. Finally, this court recommended plaintiff's claim regarding the deprivation of property be dismissed.[1] Plaintiff was given the option of proceeding on the excessive force claims found cognizable or amending his complaint to attempt to state additional claims. On May 1, plaintiff filed a notice that he wanted to amend his complaint. (ECF No. 11.)

Also on May 1, plaintiff filed a document in which he requested, among other things, the appointment of counsel and preliminary injunctive relief in the form of, it appeared, an order requiring the prison to turn over a videotape. (ECF No. 10.) On May 10, this court denied the motion for appointment of counsel and recommended plaintiff's motion for preliminary injunctive relief be denied. (ECF No. 12.) Plaintiff filed objections to that recommendation. (ECF No. 15.) After reviewing the objections and determining that plaintiff had been transferred to new housing after the findings and recommendations were issued, the district judge referred the motion back to this court for consideration in light of plaintiff's changed circumstances. (ECF No. 18.)

In a document filed May 16, plaintiff again seeks a preliminary injunction and the appointment of counsel. (ECF No. 13.) On May 18, plaintiff filed a first amended complaint. (ECF No. 14.)

## SCREENING

### I. Legal Standards

As described in this court's prior screening order, the court is required to screen complaints brought by prisoners to determine whether they sufficiently state claims under 42 U.S.C. § 1983. 28 U.S.C. § 1915A(a). The prisoner must plead an arguable legal and factual basis for each claim in order to survive dismissal. Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). In addition, the prisoner must demonstrate a link between the actions of each defendant and the

---

[1] Plaintiff was granted an extension of time to file objections to this recommendation. (ECF No. 12.) Those objections were due on June 10. Plaintiff did not file timely objections. The district judge has not yet ruled on the recommendation that the property claim be dismissed.

deprivation of his rights. Monell v. Dept. of Social Servs., 436 U.S. 658 (1978). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

**II. Allegations in the First Amended Complaint**

Plaintiff is an inmate at California State Prison, Sacramento ("CSP-Sac"). He complains of conduct that occurred there in 2021 and 2022. Plaintiff identifies five defendants: Correctional Officers Edwards, Moore, M. Brown, N. Georogiou, and M. Compos.

Plaintiff largely repeats the allegations made in his complaint. He alleges that defendants Compos and Georogiou personally used excessive force and conspired with inmates to do so. Plaintiff also alleges that defendants Edwards and Moore used excessive force. This court finds that plaintiff has, again, stated potentially cognizable Eighth Amendment claims against each of these defendants.

Plaintiff repeats his allegation that defendant Brown violated his rights by failing to turn in one of plaintiff's grievances. Plaintiff states that he is no longer contending Brown's actions violated his First Amendment right of access to the courts.[2] Plaintiff attempts to recast this claim as one under the Due Process Clause. However, plaintiff does not have a due process right to have a grievance submitted in conformance with prison rules. See Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) ("[I]nmates lack a separate constitutional entitlement to a specific prison grievance procedure." (citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988)). This court finds no other legal basis for plaintiff's claim based on Brown's failure to turn in a grievance. While this court finds it unlikely plaintiff can state a claim based on Brown's actions, he will be given one more opportunity to do so.

////

[2] Even if plaintiff intends to pursue that First Amendment claim, he again fails to allege facts sufficient to support a claim that Brown denied him his right to access to the courts. (See Apr. 18, 2023 Order (ECF No. 5 at 5).)

Plaintiff repeats his contention that his rights were violated when defendant Georogiou caused plaintiff's property to be lost. Plaintiff was informed previously that his claim for loss of property is not cognizable in a §1983 action. This court has already recommended dismissal of that claim and will not reconsider it here. (See ECF No. 5.)

Finally, plaintiff states that he is dropping his claims for retaliation against Georogiou and Brown.

Plaintiff also asks the court to review prison videos, which he contends will prove his claims, and requests an evidentiary hearing. Plaintiff is advised that no proof is necessary at this stage of the case. At this time, plaintiff need only describe the facts supporting his claims. If necessary, evidence may be introduced at a later stage of these proceedings.

**MOTIONS FOR PRELIMINARY INJUNCTIVE RELIEF**

As described above, plaintiff filed two motions for preliminary injunctive relief – on May 1 and May 16. This court recommended the May 1 motion be denied. (ECF No. 12.) In an order filed July 5, the district judge referred the motion back to this court for reconsideration in light of allegations plaintiff made in his objections. (ECF No. 18.) In those objections, plaintiff stated that he had been returned to CSP-Sac "where CO shot him in face 5/18/21 and is constantly threading [sic] Plaintiff's life." (ECF No. 15 at 2.)

In the May 16 motion, plaintiff expresses concern about his imminent return to CSP-Sac due to threats of physical harm made by defendant Compos. (ECF No. 13.)

While it is not entirely clear what plaintiff seeks by way of an injunction, he appears to be concerned about threats to his safety by defendant Compos and, apparently, by defendant Georgiou, who plaintiff alleges shot him in May 2021. This court will request a response from the prison regarding plaintiff's allegations of threats to his safety.

**MOTION FOR THE APPOINTMENT OF COUNSEL**

Plaintiff again seeks the appointment of counsel. He states that he is taking sedative medications that make it difficult to represent himself in the three civil cases he has pending in the federal courts.

////

The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel. Plaintiff's arguments in support of his motion are nearly identical to those made in his previous motion. Again, this court finds that plaintiff's circumstances are not extraordinary and he has shown that he has the ability to adequately litigate his case. Plaintiff's request for counsel will be denied.

**CONCLUSION**

Above, this court finds plaintiff has stated potentially cognizable Eighth Amendment excessive force claims against defendants Edwards, Moore, Compos, and Georogiou. This court further finds plaintiff has failed to state any other claims. Plaintiff will be given a choice. He may proceed immediately on his excessive force claims or he may amend his first amended complaint to attempt to state other claims as well.

If plaintiff chooses to proceed on the excessive force claims in his first amended complaint, he will be voluntarily dismissing all other claims and defendants. If plaintiff chooses to amend his complaint, he must adhere to the following standards for stating claims for relief under §1983:

First, plaintiff must clearly identify each defendant and describe just what that defendant did that violated his constitutional rights. Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right. Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation

of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation). "Vague and conclusory allegations of official participation in civil rights violations are not sufficient." Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

Plaintiff must make a short, plain statement of the facts supporting each claim. See Fed. R. Civ. P. 8(a).

Plaintiff may allege multiple claims against a single defendant. Fed. R. Civ. P. 18(a). However, he may not bring a claim against one defendant in the same case as an unrelated claim against another defendant. Unrelated claims against different defendants belong in different suits." George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (citing 28 U.S.C. § 1915(g)).

In an amended complaint, plaintiff should not make legal arguments or describe the legal standards for his claims. Rather, plaintiff should identify the Constitutional basis for his claim and then clearly state the facts he contends support that claim.

Any amended complaint must show the federal court has jurisdiction, the action is brought in the right place, and plaintiff is entitled to relief if plaintiff's allegations are true. It must contain a request for particular relief. In a civil rights case under §1983, the relief available includes monetary damages and appropriate injunctive relief. Plaintiff may not seek release from custody in a §1983 action.

An amended complaint must be complete in itself without reference to any prior pleading. E.D. Cal. R. 220. Once plaintiff files an amended complaint, the original pleadings are superseded. Finally, plaintiff must exhaust his administrative remedies before filing suit. 42 U.S.C. § 1997e(a).

For the foregoing reasons, and good cause appearing, IT IS HEREBY ORDERED as follows:

1. Supervising Deputy Attorney General Monica Anderson shall contact officials at CSP-Sac regarding plaintiff's allegations in his motions for injunctive relief and, within fourteen days of the date of this order, file a response to those motions.

////

2. The Clerk of the Court is directed to serve this order and copies of plaintiff's May 1, 2023 and May 16, 2023 Motions for Preliminary Injunctive Relief (ECF Nos. 10 and 13) on Supervising Deputy Attorney General Monica Anderson.

3. In his first amended complaint, plaintiff has stated potentially cognizable Eighth Amendment claims against defendants Edwards, Moore, Compos, and Georogiou.

4. Plaintiff's due process claim against defendant Brown is dismissed with leave to amend.

5. Plaintiff may choose to proceed on the cognizable claims set out above or he may choose to file a second amended complaint.

6. Within thirty days of the date of this order, plaintiff shall fill out and return the attached form indicating how he would like to proceed in this action. If plaintiff does not return the attached form in a timely manner, this court will order service of the first amended complaint on defendants Edwards, Moore, Compos, and Georogiou and recommend plaintiff's remaining claims be dismissed.

Dated: July 18, 2023

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9
DB prisoner inbox/civil rights/S/delp0493.FAC scrn LTA or proceed

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JEREMY DELPHIN,

Plaintiff,

v.

EDWARDS, et al.,

Defendants.

No. 2:23-cv-0493 KJM DB P

NOTICE OF ELECTION

Check one:

_____ Plaintiff wants to proceed immediately on his Eight Amendment excessive force claims against defendants Edwards, Moore, Compos, and Georogiou in his first amended complaint. Plaintiff understands that by going forward without amending the first amended complaint he is voluntarily dismissing all other claims and defendants.

_____ Plaintiff wants to amend the first amended complaint.

DATED:_________________

Jeremy Delphin, Plaintiff