UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEREMY DELPHIN, | No. 2:23-cv-0493 KJM DB P |
| Plaintiff, | |
| v. | ORDER AND FINDINGS AND RECOMMENDATIONS |
| EDWARDS, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se with a civil rights action. Plaintiff alleges defendants used excessive force and failed to submit his grievance. Before the court are plaintiff's motions for preliminary injunctive relief (ECF Nos. 10, 13); "Request for Exparte," in which he complains that he does not have his legal property (ECF No. 22); and motion to appoint counsel (ECF No. 25). For the reasons set forth below, this court recommends plaintiff's motions for injunctive relief be denied, partly grants plaintiff's request for "exparte," and denies plaintiff's motion for the appointment of counsel. In addition, this court sets a deadline for plaintiff's second amended complaint.

**BACKGROUND**

Plaintiff filed this action on March 15, 2023. He complained of conduct by correctional officers at California State Prison, Sacramento ("CSP-Sac") in 2021 and 2022. On screening, this court found plaintiff alleged potentially cognizable claims for excessive force against defendants

1

Compos, Edwards, Moore, and Georogiou but failed to state any other claims.[1] (ECF No. 5.) Plaintiff was given the option of proceeding on his excessive force claims or amending his complaint. Plaintiff chose to file an amended complaint.

On May 18, plaintiff filed a first amended complaint. (ECF No. 14.) On screening the first amended complaint, this court again found plaintiff stated potentially cognizable claims for excessive force against defendants Compos, Edwards, Moore, and Georogiou and again found plaintiff failed to state any other claims. (ECF No. 19.) Recently, plaintiff filed a notice that he would like to file a second amended complaint. (ECF No. 26.) He will be ordered to do so within thirty days.

With respect to plaintiff's motions for injunctive relief, plaintiff's motions focus on his concerns about being transferred back to CSP-Sac and threats made by defendants Compos and other officers. (ECF Nos. 10, 13.) This court initially recommended plaintiff's first motion for injunctive relief be denied because he did not show a transfer was imminent. (ECF No. 12.) At the time plaintiff filed his objections to that recommendation, he had been transferred back to CSP-Sac and alleged that he was experiencing "constant" threats. (See ECF No. 15.) Based on this change in plaintiff's circumstances, Chief Judge Mueller declined to adopt the recommendation to deny plaintiff's motion for injunctive relief. Chief Judge Mueller referred the motion back to the undersigned for reconsideration based on the change in circumstances. (ECF No. 18.)

Plaintiff recently filed a motion for "exparte" in which he complains that he does not have his legal property and a motion for the appointment of counsel. (ECF Nos. 22, 25.)

**MOTIONS FOR PRELIMINARY INJUNCTIVE RELIEF**

Plaintiff's motions for injunctive relief are based on alleged threats to his safety and acts of harm by defendants Compos and other officers. In his motion filed here on May 1, plaintiff described new excessive force incidents by defendant Compos and other officers which occurred in March 2023 at CSP-Sac. While plaintiff was not housed at CSP-Sac at the time he filed his

---

[1] This court also recommended plaintiff's deprivation of property claim be dismissed. Chief Judge Mueller adopted that recommendation. (ECF No. 21.)

2

1  motion, he alleged that he would be returned there in six months. (ECF No. 10.) In his motion
2  filed here on May 16, plaintiff reiterated the allegations of excessive force in March 2023.
3  Plaintiff then stated that he was being returned to CSP-Sac in a week and was "scared for his
4  life." (ECF No. 13.)
5        On July 18, this court ordered the Office of the Attorney General to contact CSP-Sac to
6  investigate plaintiff's claims of harm and to file a response to plaintiff's motions for preliminary
7  injunctive relief. (ECF No. 19.) In that response, entitled an "opposition" to plaintiff's motions,
8  the Deputy Attorney General, appearing specially for purposes of responding to the motions,
9  provides declarations from correctional officer defendants. In their declarations, the officers state
10 facts contrary to plaintiff's allegations of excessive force and threats. The Deputy Attorney
11 General argues that plaintiff does not meet the standards for preliminary injunctive relief. (ECF
12 No. 23.)
13       On August 10, plaintiff filed a notice that he has been moved to Kern Valley State Prison
14 ("KVSP"). (ECF No. 25.) In that document, plaintiff also states that while he has been moved, he
15 fears defendant Compos will drive to KVSP to attack him. On August 14, plaintiff filed a reply to
16 defendants' opposition to his motions for preliminary injunctive relief. Plaintiff challenges the
17 officers' declarations. In addition, plaintiff continues to request an injunction, despite his move to
18 KVSP, due to "threats" by defendant Compos. (ECF No. 27.)
19       A party requesting preliminary injunctive relief must show that "he is likely to succeed on
20 the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the
21 balance of equities tips in his favor, and that an injunction is in the public interest." Winter v.
22 Natural Res. Def. Council, 555 U.S. 7, 20 (2008). The propriety of a request for injunctive relief
23 hinges on a significant threat of irreparable injury that must be imminent in nature. Caribbean
24 Marine Serv. Co. v. Baldridge, 844 F.2d 668, 674 (9th Cir. 1988). Plaintiff's motion for an
25 injunction is based on his fears of harm from defendant Compos and other officers at CSP-Sac.
26 Plaintiff is no longer incarcerated at CSP-Sac. Therefore, there is little, if any, likelihood that he
27 will be in contact with those officers. Plaintiff fails to show any basis for his fear that defendant
28 Compos will attack him while he is at KVSP. Plaintiff does not show he is in imminent danger of

irreparable injury. This court will recommend plaintiff's motions for preliminary injunctive relief be denied.

## MOTION RE LEGAL PROPERTY

In a document filed July 27, plaintiff complains that he does not have his legal property, including books, files, and a typewriter.  He states that he requires the property to respond to the court's screening order. While it is not clear just what plaintiff is requesting, as a <u>one-time</u> courtesy, the court will provide plaintiff with a copy of his first amended complaint and a copy of this court's screening order. Those documents should help plaintiff prepare his second amended complaint. If plaintiff requires legal books, he should be able to obtain those through the prison law library. Finally, plaintiff is advised that the court does not require typewritten filings. Plaintiff's handwritten filings have been legible.

## MOTION FOR APPOINTMENT OF COUNSEL

Plaintiff seeks appointment of counsel based on allegations that officers at CSP-Sac were not mailing plaintiff's legal filings. (ECF No. 25.) Because plaintiff is no longer incarcerated at CSP-Sac, plaintiff's motion lacks any support. Plaintiff's fails to show exceptional circumstances to justify a court request for the voluntary assistance of counsel. <u>Terrell v. Brewer</u>, 935 F.2d 1015, 1017 (9th Cir. 1991); <u>Wood v. Housewright</u>, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

For the foregoing reasons, IT IS HEREBY ORDERED that

1. Plaintiff's "Motion for Exparte" (ECF No. 22) is granted in part. The Clerk of the Court is directed to send plaintiff a copy of his first amended complaint (ECF Nos. 14, 14-1) and this court's July 18 screening order (ECF No. 19).

2. Plaintiff's motion for the appointment of counsel (ECF No. 25) is denied.

3. Within thirty days of the date of this order, plaintiff shall file a second amended complaint. If plaintiff fails to file a timely second amended complaint, this case will proceed on the excessive force claims this court found cognizable in plaintiff's first amended complaint. In addition, this court will recommend that the remaining claims in the first amended complaint be dismissed.

////

Further, IT IS RECOMMENDED that plaintiff's motions for preliminary injunctive relief (ECF Nos. 10, 13) be denied.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within thirty days after being served with these findings and recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in waiver of the right to appeal the district court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: August 24, 2023

/s/ Deborah Barnes
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9
DB prisoner inbox/civil rights/S/delp0493.31